CANADY, J.,
dissenting.
I would answer the certified question in the affirmative and approve the decision of the First District Court.
Four of the federal circuit courts of appeals have addressed the issue we consider in this case. And they all have concluded that a search of the contents of a cell phone found on the person of an arrestee is within the proper scope of a search incident to arrest under United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). See United States v. Pinedar-Areola, 372 Fed.Appx. 661, -663 (7th Cir.2010) (unpublished) (holding that “officers were entitled to search [defendant] and [his mobile] phone incident to his lawful arrest”); United States v. Murphy, 552 F.3d 405, 411 (4th Cir.2009) (recognizing prior holdings “that officers may retrieve text messages and other information from cell phones and pagers seized incident to an arrest” and rejecting defendant’s “argument that the government must ascertain a cell phone’s storage capacity in order to justify a warrantless search of that phone incident to arrest”); Silvan W. v. Briggs, 309 FedAppx. 216, 225 (10th Cir.2009) (unpublished) (holding that “the permissible scope of a search incident to arrest includes the contents of a cell phone found on the arrestee’s person”); United States v. Finley, 477 F.3d 250, 259-60 (5th Cir.2007) (holding that “the call records and text messages retrieved from [defendant arrestee’s] cell phone” were not subject to suppression).
The contrary view adopted by the majority here holds the potential to work much mischief in Fourth Amendment law. The majority’s line of reasoning entails the conclusion that “once an arrestee is physically separated from an item or thing” found on the arrestee’s person at the time of arrest, the arrest provides no justification for an inspection or search of that item or thing. Majority op. at 735. This rationale is inconsistent with the very holding of Robinson, where the Supreme Court approved the action of the officer who “opened the cigarette pack” that had been removed from the defendant’s person because the officer “was entitled to inspect it.” Robinson, 414 U.S. at 223, 236, 94 S.Ct. 467. The majority’s rationale here collides with Robinson’s reliance on “the right on the part of the Government, always recognized under English and American law, to search the person of the accused when legally arrested to discover and seize the fruits or evidences of crime.” Id. at 224-25, 94 S.Ct. 467 (quoting Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652 (1914)(emphasis added)). The Robinson Court recognized that although “the permissible area beyond the person of the arrestee which such a search [incident to arrest] may cover” had been a much disputed question, “no doubt has been expressed as to the unqualified authority of the arresting authority to search the person of the arrestee.” Id. at 225. The decision in Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) — on which the majority here relies — is simply the most recent of the cases defining “the permissible area beyond the person of the arrestee” encompassed by a *742 search incident to arrest. Robinson, 414 U.S. at 225, 94 S.Ct. 467. It does not alter the controlling law that authorizes the police to conduct a search of the person of an arrestee “to discover and seize the fruits or evidences of crime.” Id.
The majority reasons that Robinson is inapplicable here because there is no analogy between the item at issue in Robinson and “an interactive computer-like handheld device that may not only store, but also remotely access, vast quantities of highly personalized and private information.” Majority op. at 782. Two problems with this line of reasoning are immediately apparent. First, it mischaracterizes what is at issue in this case. Second, it fails to adequately recognize the invasive character of the traditional search incident to arrest of an arrestee’s person.
As to the first point, it is no doubt true that the status of devices through which data can be remotely accessed presents a novel question. But that novel question is not a question presented by this case. There is no suggestion here that the police used Mr. Smallwood’s phone to access any remotely stored data. Smallwood’s motion to suppress challenged the “accessing of the pictures contained on the cell phone ” and asserted an “expectation of privacy for the images contained on his personal cell phone.” (Emphasis added.) No mention was made of remotely stored images or other data.
Concerning the second point, it is unquestionable that individuals frequently possess on their persons items with “highly personalized and private information” other than cell phones or similar electronic devices. Items containing such sensitive information found on the person of an arrestee are subject to inspection as a consequence of the arrest. Although it is certainly true that the quantity of information on a cell phone may be greater than the quantity of information contained in other items on the person of an arres-tee, there is no reason to believe that the character of the cell phone information is necessarily of a more sensitive nature than is the information contained in other types of items that may be found on an arres-tee’s person.
Of course, the majority here has not articulated a rule that deals specifically with cell phones. The rationale it has stated sweeps much more broadly. The majority refers to “the limited scope” of its holding but employs reasoning — based on an expansive application of Gant — that is by no means limited in its scope. Indeed, the consistent application of the majority’s reasoning would transform the traditional understanding of the right of the police to inspect items found on the person of an arrestee.
I dissent.
POLSTON, C.J., concurs.